UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER WOJCIECHOWSKI,

    Plaintiff,

    v.

KOHLBERG VENTURES, LLC,

    Defendant.

Case No. 16-cv-06775-MEJ

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 20

## INTRODUCTION

Pending before the Court is Defendant Kohlberg Ventures, LLC ("Kohlberg")'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff Peter Wojciechowski ("Plaintiff") filed an Opposition (Dkt. No. 32) and Kohlberg filed a Reply (Dkt. No. 33). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Kohlberg's Motion for the following reasons.

## BACKGROUND[1]

### A. Factual Allegations

Non-party ClearEdge employed Plaintiff as a Configuration Manager. Compl. ¶¶ 1 & 10-11, Dkt. No. 1; *see also id.* ¶ 1 n.3 ("'ClearEdge' or 'ClearEdge Power' refers to ClearEdge Power, Inc. and ClearEdge Power, LLC and their affiliates and subsidiaries which were colloquially referred to as ClearEdge Power."). ClearEdge developed fuel cell technology known as proton exchange membrane. *Id.* ¶ 21. Plaintiff alleges that, for purposes of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act"),

---

[1] This section incorporates the well-pleaded allegations of the Complaint, which the Court accepts as true for purposes of this Motion to Dismiss.

Kohlberg was a single employer with ClearEdge. *Id.* ¶¶ 1-2. He alleges that Kohlberg, a venture capital firm, invested more than $130 million in ClearEdge between 2004 and 2014. *Id.* ¶¶ 18-20. He further alleges Kohlberg owned and controlled ClearEdge directly or through subsidiaries or related entities; maintained and operated ClearEdge facilities; and made the decisions that gave rise to the terminations at issue without providing advance written notice. *Id.* ¶¶ 13-16. ClearEdge relocated its corporate headquarters to offices minutes away from Kohlberg's, and often met with Kohlberg executives at Kohlberg headquarters. *Id.* ¶¶ 24-25. One of the Kohlberg executives ClearEdge met with was James A. Kohlberg ("Mr. Kohlberg"). *Id.* ¶ 25. Kohlberg's headquarters provided ClearEdge office space—including an office for ClearEdge's Chief Executive Officer ("CEO")—and placed the ClearEdge logo besides the Kohlberg logo in the building's entryway. *Id.* ¶¶ 27-28. Plaintiff alleges Kohlberg and ClearEdge shared common ownership, officers, and directors, and that Kohlberg exercised de facto control over ClearEdge while ClearEdge depended on Kohlberg to operate. *Id.* ¶¶ 49-75.

By December 2013, it was apparent ClearEdge's business model had become unsustainable: ClearEdge needed to drastically reduce its costs, overhead, and pricing, and to raise tens of millions of dollars. *Id.* ¶¶ 30-34. In late 2013 and early 2014, Samsung proposed to purchase ClearEdge fuel cells in a deal expected to generate $50-$100,000 for ClearEdge. *Id.* ¶ 35. Kohlberg infused more cash into ClearEdge, conditioned on ClearEdge closing the deal with Samsung. *Id.* ¶ 36. While Samsung placed its order on March 20, 2014, no work could begin until Samsung obtained approval from a Korean public-private entity development agency; Samsung also required confirmation Kohlberg would continue to provide financial backing to ClearEdge. *Id.* ¶ 37. Mr. Kohlberg balked at infusing more cash into the company, and when Samsung did not provide certain guarantees, he announced in an email dated March 31, 2014 that ClearEdge was closing; the email was sent without prior board action or meeting, and without knowledge of ClearEdge's CEO. *Id.* ¶¶ 40-41; *see also id.* ¶ 76 (in deciding to stop funding ClearEdge, "Kohlberg acknowledged that he, as the chief of Kohlberg Ventures, was putting an end to ClearEdge"). Understanding the scope of the investment ClearEdge would need to get to profitability, Mr. Kohlberg decided not to provide additional funding. *Id.* ¶¶ 43-44. On April 16,

2

2014, ClearEdge received retainer agreements from bankruptcy counsel. *Id.* ¶ 45. ClearEdge's Board resolved to file for Chapter 11 protection six days later. *Id.* ¶ 46. ClearEdge's employees were terminated April 25, 2014. *Id.* ¶ 47. ClearEdge filed its bankruptcy petition on May 1, 2014 in the Northern District of California. *Id.* ¶ 48.

**B.  Bankruptcy Proceedings & Settlement**

Plaintiff on behalf of himself and other similarly situated employees brought an adversary proceeding in the ClearEdge bankruptcy proceedings. *Id.* ¶ 5. A class was certified; Plaintiff was appointed as class representative and settled the matter with ClearEdge. *Id.*; *see also* Opp'n 3. By executing the settlement agreement, Plaintiff and the other class members agreed to

> fully and forever release and discharge (i) [ClearEdge] and their respective estates, (ii) each of [their] shareholders, officers, directors, employees, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns, **excluding any third parties which may or may not be affiliated with [them], including but not limited to, Kohlberg Ventures LLC** . . . of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind and nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Action or claim under federal, state or local law or regulation arising out of the termination of the Class members' employment by Defendants, including, but not limited to: (a) all claims asserted or that could have been asserted based on the facts alleged in the WARN Action; (b) the individual WARN Act claims; and (c) any other claims for back pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation [except for certain specific unreleased rights that are not at issue in this action.]

RJN, Ex. 2 (Settlement Agreement) at Ex. A ¶ 11(a) (emphasis added).[2] As part of the settlement, Plaintiff and the Class received a portion of the WARN Act wages and benefits they contended were due. *Id.*; Compl. ¶ 5. Kohlberg represents it was not involved in the settlement negotiations in any manner, and Plaintiff does not argue to the contrary.

---

[2] Kohlberg asks the Court to take judicial notice of certified court records from the ClearEdge bankruptcy proceedings. *See* RJN, Dkt. No. 21. Plaintiff does not object to the request, and also refers to the documents attached to Kohlberg's RJN. *See* Opp'n. The Court may take judicial notice of adjudicative facts in these documents, as they are not reasonably in dispute and "are capable of accurate and ready determination from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b)(2). Kohlberg's RJN is **GRANTED**.

1         The bankruptcy court preliminarily approved the settlement on February 5, 2016, held a fairness hearing on March 17, 2016 to consider approval of the settlement, and finally approved the settlement on April 5, 2016. RJN, Ex. 3 (Final Order) at 2. The bankruptcy court closed the case on July 16, 2016. *Id*., Ex. 4 at 1.

### C.    The Instant Proceeding

        On November 23, 2016, Plaintiff filed this suit against Kohlberg to recover the balance of the Class' WARN Act wages and benefits. Compl. ¶ 6. Plaintiff contends Kohlberg ordered the mass layoff of ClearEdge employees on or about April 25, 2014, which resulted in Plaintiff and other similarly situated employees being terminated. *Id.* ¶ 1; *see also id.* ¶ 3 ("Defendant had funded ClearEdge for ten years but decided to pull its funding and place ClearEdge into immediate bankruptcy accompanied by the layoff of most of ClearEdge's employees"). Plaintiff further contends Kohlberg did not give advance written notice of termination as required by the WARN Act. *Id.* ¶ 4.

### LEGAL STANDARD

        Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

        A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

### A. Arguments of the Parties

Res judicata bars relitigation of claims when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[A] final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or could have been raised in that action. . . . [res judicata] relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication"). Where res judicata applies, a plaintiff is barred from asserting any claims that could have been asserted in the prior action, whether or not those claims actually were asserted. *McLain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986).

Under one theory of the case, all parties agree that the three elements of res judicata are

met. *See* Mot.; *see also* Opp'n (failing to contest first two elements, and arguing vehemently that ClearEdge and Kohlberg were a "single employer" and thus privies). Kohlberg argues Plaintiff litigated his WARN Act claim in the ClearEdge bankruptcy proceedings, took the position the ClearEdge entities in that action were a "single employer," settled the claim on a class basis, and dismissed it with prejudice. Because Plaintiff alleges Kohlberg was in privity with ClearEdge when Plaintiff was terminated, Kohlberg contends Plaintiff is impermissibly splitting his WARN Act claim and that this action is barred by res judicata. *See* Mot. (discussing *Jarvis v. Matlin Patterson Global*, 867 F. Supp. 2d 559, 562-63 (D. Del. 2012) (where plaintiff who elected to proceed against bankrupt company through bankruptcy proof of claims process failed to recovery anything on claims, res judicata barred subsequent WARN Act suit against majority shareholder of company: "Plaintiff's entire complaint is thus predicated upon an extremely close relationship between [shareholder] and [bankrupt company]. Principles of fairness are furthered by this result. It would be unfair to allow [him] a second bite of the apple by filing essentially the same suit against [shareholder].")). Plaintiff argues his WARN Act claim against Kohlberg is not barred by res judicata because he permissibly split his claim against Kohlberg from the matter settled in the bankruptcy proceedings. Opp'n at 5. He contends three exceptions to the rule against claim splitting apply: "(1) the parties agreed to claim splitting, (2) the [bankruptcy] court expressly reserved the plaintiff class[]' rights to pursue the claim, and (3) the class was unable to seek a remedy in the first action due to structural limitations in bankruptcy court." *Id.* (citing Restatement (Second) of Judgments (1982)). Kohlberg maintains none of these exceptions apply precisely because it was no longer in privity with ClearEdge when the bankruptcy proceedings were settled; it further contends there were no barriers to joining it as a defendant in the bankruptcy action.

Alternatively, Plaintiff argues Kohlberg and ClearEdge were no longer privies when he entered into a settlement with ClearEdge in the bankruptcy proceedings, and thus that res judicata does not apply.

**B.    Res Judicata**

The party seeking to establish preclusion has the burden of proof of all elements, including

6

that no exception applies. . . . Doubts are resolved against preclusion." *In re Associated Vintage Grp., Inc.*, 283 B.R. 549, 562 (B.A.P. 9th Cir. 2002) (citations omitted) (because claim preclusion is an affirmative defense, burden is appropriately placed on party asserting defense); *see also Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (party invoking res judicata bears the burden of showing it applies). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). The Court therefore evaluates whether Kohlberg has met its burden of proving res judicata applies.

1. Agreement to Split Claims

Parties can consent to split their claims and waive the res judicata effect of a judgment. *See Dodd v. Hood River Cty.*, 59 F.3d 852, 862 (9th Cir. 1995) ("[C]onsent or tacit agreement is clear justification for splitting a claim. . . . Because a primary purpose of claim preclusion is to protect defendants from being harassed by repetitive actions based on the same claim, the rule need not be enforced where [defendants] have implicitly consented to the splitting of [plaintiff's claim[.]"). Plaintiff argues the release the parties to the bankruptcy action included in the settlement constitutes an express agreement to split the WARN Act claim against Kohlberg from the WARN Act claim being settled in the bankruptcy proceedings. Opp'n at 12-15. But there is no allegation—and no indication—that Kohlberg agreed, tacitly or implicitly, to claim splitting. On the contrary, Plaintiff admits that "Kohlberg is not named as a party to the [settlement] agreement nor was it a party in the settled suit, so it is a non-party or third party to that agreement as the term is generally understood." *Id.* at 7.

Plaintiff nonetheless argues Kohlberg itself did not need to acquiesce to the claim splitting because its privy, ClearEdge, agreed to it on Kohlberg's behalf: "[I]f Kohlberg and ClearEdge are so closely related that they are akin to one and the same defendant for purposes of claim preclusion, then following Kohlberg's logic, ClearEdge must have had the authority to bind Kohlberg to a waiver of claim preclusion." Opp'n at 14.[3] But Plaintiff fails to cite any authority

---

[3] In his Opposition, Plaintiff argued ClearEdge could bind Kohlberg to the release as its virtual representative. Opp'n at 13-15. But the Supreme Court has squarely rejected the "virtual representation" theory on which Plaintiff relies. *See Bhatia*, 545 F.3d at 758 (noting Supreme Court rejected "virtual representation" exception to res judicata principles in *Taylor*, 553 U.S. at

7

suggesting a defendant can "consent" on behalf of a privy to split claims against the privy who is not participating in the action. *See id.* at 12-15.[4] In *Trujillo v. City of Ontario*, 269 F. App'x 683, 684 (9th Cir. 2008) (Opp'n at 12), the defendant had requested to split certain claims in an email sent to plaintiff before trial in the first action, and plaintiff had agreed. The same defendant successfully moved to dismiss a second action filed by the same plaintiff on the ground his claim was barred by res judicata; the parties in both actions were identical. The Ninth Circuit reversed, finding the parties in the first action had agreed to split the claims and there was no evidence that the facts and issues in the second action were mentioned in the first, let alone related, as they pertained to retaliation claims based on different events. In *Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425 (N.D. Cal. March 26, 2012) (Opp'n at 12), Perez alleged Gordon & Wong, a firm that first represented plaintiff Discover Bank in an earlier debt-collection action, had violated federal and state fair debt collection practices during its efforts to collect money from him in an earlier state-court action. During the state-court action, Perez had filed a cross-complaint alleging Discover Bank and several Roe Defendants had violated California's Fair Debt Collection Practices Act ("CDCPA"); new counsel replaced Gordon & Wong. Perez and Discover Bank settled the debt-collection/CDCPA action, Perez voluntarily dismissed his CDPA claim with prejudice, and the parties specifically excluded Gordon & Wong in their release of claims. When Perez sued Gordon & Wong in the second action, Gordon & Wong argued Perez's claims were barred by res judicata. The court rejected that argument, finding the release executed by Perez and Discover Bank specifically excluded Gordon & Wong from the settlement, and that Gordon & Wong "was clearly a party to the prior state action." *Id*. at *2-5. Unlike the defendants in *Trujillo*

---

895-96); *Alphaville Design, Inc. v. Knoll, Inc*., 627 F. Supp. 2d 1121, 1136 (N.D. Cal. 2009) (noting same). During oral argument, Plaintiff recast his argument as one of "control" rather than "virtual representation."

[4] Plaintiff argues Kohlberg fails to identify any support for its position that the "affected party" must consent to the release, as opposed to the defendant. *See* Opp'n at 12-13. But a release is a contract; under California law (which governs the settlement ClearEdge and Plaintiff entered into), a contract cannot be formed without offer, acceptance, and consideration. *See Hecimovich v. Encinal Sch. Parent Teacher Org*., 203 Cal. App. 4th 450, 475 (2012). Plaintiff does not allege or argue that he entered into any type of agreement with Kohlberg; on the contrary, he argues Kohlberg "was utterly absent from the pleadings, litigation and settlement" of the earlier WARN Act litigation. Opp'n at 8.

8

1   and *Perez*, Kohlberg was not a party to the bankruptcy action.

2   But even if ClearEdge and Kohlberg were in privity at the time of the ClearEdge layoffs, Plaintiff acknowledges Kohlberg no longer controlled ClearEdge after the bankruptcy proceedings were filed. *See id.* at 8 ("Whatever privity existed when Kohlberg owned and directed ClearEdge as a going concern did not necessarily extend to the adversary proceeding between the Plaintiff class and ClearEdge where Kohlberg was utterly absent from the pleadings, litigation and settlement.") By Plaintiff's own admission, Kohlberg also was not involved in the bankruptcy proceedings in any manner—it was a "third party . . . as the term is generally understood." Opp'n at 7. Thus, under Plaintiff's own theory of the case, Kohlberg did not control ClearEdge when ClearEdge entered into the agreement purporting to exclude Kohlberg from the scope of the release and Kohlberg did not consent to split the WARN Act claim Plaintiff now asserts. Plaintiff offers no legal support for his argument that a non-party can be deemed to have consented to opt out of res judicata by parties to a settlement agreement where the non-party was not a privy at the time of the settlement. There is simply no indication, whether based in fact or law, that Kohlberg agreed to claim splitting.

2.   Express Reservation of Rights by Court

Plaintiff argues the bankruptcy court "expressly reserve[d]" his right to maintain this action when it approved the class settlement of the WARN claims against ClearEdge, including the exclusion of Kohlberg from the scope of the release. Opp'n at 6-12; RJN, Ex. 2. "A determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reversed or set aside, should ordinarily be given effect in the second action." Restatement (Second) § 26(1)(b) cmt. The bankruptcy court entered an order approving the parties' settlement agreement and class notice, both of which included the release of claims at issue. *See* RJN, Ex. 3 (Final Order); Settlement Agreement; RJN, Ex. 2 at Ex. D (Notice). The parties' motion for preliminary approval of the settlement does not address the scope of the release, or mention that Plaintiff may seek to pursue a WARN Act claim against Kohlberg. *See* RJN, Ex. 2. The bankruptcy court found the settlement

9

was fair, reasonable, and adequate as to the class members; it did not address claim-splitting or Plaintiff's reservation of right to pursue a WARN Act claim against Kohlberg in its Final Order. *See* Final Order.[5] Indeed, there is no indication the bankruptcy court specifically considered the matter or expressly reserved Plaintiff's right to pursue a second WARN claim against Kohlberg. *Cf. Dodd*, 59 F.3d at 862 (finding "express reservation" where court repeatedly acknowledged that certain claims were not before it and instead were pending in federal district court); *In re Associated Vintage Grp., Inc.*, 283 B.R. at 564-65 ("If a court declines to hear an aspect of a cause of action in circumstances in which it is contemplated that the plaintiff will be able to litigate that issue later, an exception to splitting is appropriate. This is often manifested by the court's use of words to the effect of 'without prejudice' when referring to a second action on the omitted part of the claim."). The bankruptcy court's Final Order, which does not mention either Kohlberg or the release, cannot be fairly read to "expressly reserve" a WARN Act claim against Kohlberg.[6]

3. Lack of Sufficient Facts & Structural Limitations of Bankruptcy Proceedings

Plaintiff next argues that it was not until late in the bankruptcy proceedings that he had sufficient facts to understand Kohlberg was a single employer with ClearEdge within the meaning

---

[5] Plaintiff identifies no legal support for his contention a court can "expressly reserve" claims against a non-party for purposes of avoiding res judicata at a later date, especially when the non-party is alleged not to have been a privy at the time of settlement. *See* Opp'n at 9-10 (citing *Eclaire Advisor As Tr. to Daewoo Int'l (Am.) Corp. Creditor Tr. v. Daewoo Eng'g & Constr. Co.*, 375 F. Supp. 2d 257, 266 (S.D.N.Y. 2005) (assuming privity existed, and finding res judicata did not apply where release contained express carve out and counsel at confirmation hearing reaffirmed scope and impact of release on record); *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 958 (Ill. 2002) (plaintiffs seeking to avoid res judicata based on carve out were class members in another action pending against the same defendants named in the second action); *Jou v. Adalian*, 2016 WL 4582042 (N.D. Cal. Sept. 1, 2016) ("*Jou II*") (release at issue was agreed to by the same parties involved in *Jou I*, Civ. No. 09-226 JMS-KJM (D. Haw.) (Judgment entered Dec. 23, 2010)); *Perez*, 2012 WL 1029425 at *2-5 (defendants were "clearly" parties to first action)). The parties at the hearing confirmed they were not aware of any case law directly on point.

[6] Plaintiff argues "any doubts as to whether the Bankruptcy Court intended the claim against Kohlberg to be released are resolved by the Final Approval Order which states that the settlement is fair because the settlement amount 'is well within the range of reasonableness given the uncertainty of the Plaintiff's ability to establish liability and to recover against bankrupt debtors.' . . . If the court had intended to extinguish claims against Kohlberg, it would not have evaluated the fairness of the settlement in light of only the ability to collect from the bankrupt debtors as Kohlberg was not and is not a bankrupt debtor." Opp'n at 9. Plaintiff attempts to read too much in the bankruptcy court's statement.

of the WARN Act. Opp'n at 19-23. Once the bankruptcy court confirmed the bankruptcy plan, Plaintiff argues that court's jurisdiction was limited to claims having a "close nexus" to the bankruptcy process. Plaintiff contends the bankruptcy court's jurisdiction at that time would not extend to "a 'major suit' brought by the trust against non-parties to the bankruptcy or to any closely related proceeding." *Id.* at 21-22 (quoting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 168 (3d Cir. 2004)). He argues that it "made little sense to seek to amend the complaint to add a claim against Kohlberg that the Court would soon lack jurisdiction to hear." *Id.*

As an initial matter, there is no indication that Plaintiff could not have presented Kohlberg's identity as single employer to the bankruptcy court. Plaintiff admits in his Opposition that ClearEdge's July 22, 2015 interrogatory responses and responses to requests for production "further cement[ed his] view that a claim against Kohlberg would be viable." Opp'n at 22. The confirmation hearing did not take place until December 23, 2015, and the bankruptcy court did not approve the reorganization plan until March 2, 2016. *Id.* at 23 & n.12. Thus, even under Plaintiff's view of the bankruptcy court's jurisdiction[7], he had well over six months between his belief about Kohlberg's role became "further cemented" and the time when the bankruptcy court's jurisdiction became limited to claims having a "close nexus" with the bankruptcy process. He argues that the delays in holding the confirmation hearing were "unforeseeable" and blames ClearEdge for "the filing of multiple amended plans." *Id.* at 23. But he fails to explain why he could not have amended his complaint during this period, or sought an extension of time to do so. Plaintiff argues that he "specifically negotiated the exclusion of the release against Kohlberg based on his view . . . that a claim against Kohlberg was viable, but could no longer be brought in the bankruptcy case." *Id.* Notably, Plaintiff and his attorneys fail to offer any evidentiary support for that representation; the Complaint also alleges no facts supporting this position. Plaintiff has not shown jurisdictional barriers existed that prevented him from amending the complaint in bankruptcy court to add Kohlberg as a single employer.

Even if Plaintiff had set forth such evidence, "simply identifying newly developed or

---

[7] Kohlberg argues the scope of the bankruptcy court's jurisdiction is not as narrow as Plaintiff contends it is. *See* Reply at 10-11.

11

different evidence is not enough to overcome application of the doctrine of res judicata, or claim preclusions." *PCL Const. Servs., Inc. v. U.S.*, 84 Fed. Cl. 408, 422 (Fed. Cir. 2008) (citing Restatement (Second) of Judgments § 25(1) (claim preclusion "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action[.]")); *see also* Restatement (Second) of Judgments § 26, cmt. j (res judicata does not bar later action where plaintiff was precluded from asserting a claim based on defendant's fraud in the earlier action, but "[t]he result is different . . . where the failure of the plaintiff to include the entire claim in the original action was due to a mistake, not caused by the defendant's fraud or innocent misrepresentation."). Neither the Supreme Court[8] nor the Restatement (Second) of Judgments recognizes an exception to the prohibition against claims splitting based on new facts absent fraud by the defendant, and the Ninth Circuit follows the Restatement. *See Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871-72 (9th Cir. 1992) ("Ignorance of a party does not, however, avoid the bar of res judicata unless the ignorance was caused by the misrepresentation or concealment of the opposing party. Even if ignorance were sufficient to avoid the bar, that fact would not aid" plaintiffs as evidence showed they were on notice of their claims in the prior litigation) (citing Restatement (Second) of Judgments § 26, cmt. j); *Mpoyo v. Liton Electro-Optical Sys.*, 430 F.3d 985, 988-89 (9th Cir. 2005) (affirming res judicata barred plaintiff's claim where plaintiff claimed he was unaware of certain claims when he filed his original complaint but there was no bar to presenting the claims in the original suit before summary judgment was granted; district court's denial of leave to amend complaint to assert those claims in original action based on plaintiff's dilatoriness did not prevent application of res judicata in later action).

Quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914 (7th Cir. 1993), Plaintiff argues that

---

[8] The Supreme Court has recognized six "established categories" where nonparties may be subject to res judicata: (1) a subsequent litigant agreed to be bound by the prior litigation; (2) a pre-existing legal relationship between prior and subsequent litigants; (3) "certain limited circumstances" where the subsequent litigant was "adequately represented" in the prior litigation, such as a "properly conducted class action" or a suit brought by a guardian; (4) a subsequent litigant who "assumed control" over the prior litigation; (5) a subsequent litigant who is merely a proxy for an earlier litigant; and (6) special statutory schemes, such as in bankruptcy and probate proceedings. *See Taylor*, 553 U.S. at 893-95.

12

"if the plaintiff is unaware of facts when filing a complaint, res judicata will not bar subsequent litigation." Opp'n at 20. That proposition, however, has not been adopted by subsequent courts in this Circuit, which cite *Allied-Signal* for the different proposition that "plaintiffs need not amend filings to include issues that arise after the original suit is lodged." *Estrada v. Sayre*, 2013 WL 3957752, at *3 (N.D. Cal. July 30, 2013) ("The majority rule for claims for damages is that claim preclusion extends *to claims in existence* at the time of the filing of the original complaint in the first lawsuit and any additional claims actually asserted by supplemental pleading" (citing cases) (emphasis added)); *In re Andrews*, __ Fed App'x __, 2016 WL 4547643, at *1 (9th Cir. Sept. 1, 2016) (rejecting "newly discovered facts" exception to res judicata because "with diligence," debtor in bankruptcy court would have discovered fraud before filing initial suit (citing *Allied Fire Protection v. Diede Constr., Inc*., 127 Cal. App. 4th 150, 200-01 (Cal. 2005) (applying California law and citing *Allied-Signal*))).

As the allegations of the Complaint make plain, Plaintiff contends Kohlberg and ClearEdge were a single employer before the bankruptcy proceedings commenced. Plaintiff does not argue he acquired a new right against Kohlberg while the bankruptcy proceedings were pending or that he did not discover facts suggesting Kohlberg was a single employer before filing that action; rather, he alleges he became "more cemented" in his view that Kohlberg was a single employer with ClearEdge. He also does not allege he was prevented from discovering Kohlberg's role through concealment, misrepresentation or fraud. As such, he cannot avoid the res judicata bar on his WARN Act claim against Kohlberg.

**C.      Lack of Privity**

Alternatively, Plaintiff argues ClearEdge and Kohlberg were "no longer privies" during the WARN litigation and therefore that res judicata does not bar his claims against Kohlberg in this action. *See* Opp'n at 17-18 ("Kohlberg had a total stranglehold over ClearEdge when it terminated its employees and filed for bankruptcy" and accordingly was a "single employer" for WARN purposes but that relationship ended when ClearEdge became a debtor in possession in bankruptcy proceedings). Because the bankruptcy court had to approve any settlement of the WARN Act claim, and because ClearEdge had a fiduciary duty to act in the best interest of the bankruptcy,

Kohlberg could no longer control ClearEdge as it allegedly had done prior to the bankruptcy. *See id*. Kohlberg agrees with this position.

As in *Jarvis*, "Plaintiff's entire complaint is predicated upon an extremely close relationship between" Kohlberg and ClearEdge at the time of the terminations alleged to violate the WARN Act. 867 F. Supp. 2d at 563. Indeed, Plaintiff apparently evaluated whether to amend the complaint filed in the bankruptcy action to name Kohlberg as a single employer defendant but decided it was too late to do so. *See supra*. Res judicata arises because of Kohlberg's alleged privity with ClearEdge at the time of the WARN Act violation: Plaintiff could have brought that claim against Kohlberg in the bankruptcy proceedings but did not do so. *See McLain*, 793 F.2d at 1033; *see also Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir. 1995) (affirming dismissal of claims against entity alleged to control previously sued defendant based on res judicata: "If true, however, this 'near alter ego' relationship would be sufficient to establish 'privity' between the two corporations such that Volkswagen AG is entitled to assert the previous judgment as a bar to the claim now asserted.") That the relationship changed thereafter does not preclude the application of res judicata to bar the WARN Act claim.

Plaintiff and the class members who settled their WARN Act claim against ClearEdge only received partial payment for their claims. *See* Settlement Agreement; *see also* Final Order. "Plaintiff[] may now regret this deal[, but that] risk . . . should have been known, and undoubtedly was known, to Plaintiffs when they" entered into the settlement. *Jarvis*, 867 F. Supp. 2d at 562. The undersigned finds it "would be unfair to allow them a second bite of the apple by filing essentially the same suit against" (*id*. at 563) Kohlberg, and that allowing Plaintiff to proceed would not encourage parties to conserve judicial resources (*Allen*, 449 U.S. at 94).

**CONCLUSION**

Kohlberg has met its burden of proving res judicata bars Plaintiff's WARN Act claim against it, and none of the exceptions to claim-splitting apply here.

For these reasons, the Court GRANTS Kohlberg's Motion to Dismiss the action on res judicata grounds. Because Plaintiff does not argue he was dissuaded from naming Kohlberg as a defendant in the bankruptcy proceedings through fraud, misrepresentation, or concealment

14

(Restatement (Second) of Judgments § 26, cmt. j; *Western Sys*, 958 F.2d at 871-72), the Court finds allowing leave to amend in this case would be futile. Accordingly, it dismisses the action WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: April 11, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge